UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICK D. SNOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02931-JMS-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Rick D. Snow for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

*Background*

On February 14, 2012, Mr. Snow was charged in a twelve-count multi-defendant Superseding Indictment in the Southern District of Indiana. *United States v. Snow,* 1:11-cr-0042-JMS-DML-3, Crim. Case, dkt. 217. Count 1 charged Mr. Snow and others with conspiracy to commit wire fraud and securities fraud, in violation of 18 U.S.C. § 371. Counts 2 through 11 charged Mr. Snow and others with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Count 12 charged Mr. Snow and others with securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); Title 17, Code of Federal Regulations, Section 240.10b-5; and 18 U.S.C. § 2.

On June 20, 2012, a jury found Mr. Snow guilty of Counts 1, 4, 6, 7, and 12. Crim. Case, dkt. 354. On November 30, 2012, the Court sentenced Mr. Snow to 60 months' imprisonment for Count 1, concurrent with a sentence of 120 months' imprisonment per count, concurrent for Counts 4, 6, 7, and 12. Crim. Case, dkt. 445. Supervised released of 2 years after release was imposed per count, concurrent. *Id*. Mr. Snow was also ordered to pay the mandatory $500 special assessment fee and $202,830,082.27 in restitution that is joint and several with other defendants. *Id*. The Court entered judgment of conviction on December 11, 2012. Crim. Case, dkt. 452. An amended judgment was filed on December 14, 2012, amending restitution matters. Crim. Case, dkt. 462, dkt. 464.

On December 19, 2012, Mr. Snow filed a notice of appeal of his conviction and sentence. *See United States v. Durham, et al.,* 766 F.3d 672 (7th Cir. 2014). Mr. Snow challenged the sufficiency of the wiretap application; argued that the district court erroneously refused to give a proposed theory-of-defense jury instruction on the securities fraud count; claimed prosecutor misconduct during the rebuttal closing argument; and challenged several sentencing issues and the restitution order. *Id*.

On September 4, 2014, the Court of Appeals affirmed Mr. Snow's conviction and sentence in all respects. The Court of Appeals held that 1) the affidavit supporting the wiretap application satisfied the necessity requirement; 2) there was no right to the proposed jury instruction; 3) the prosecutor did not engage in misconduct; 4) the district court's refusal to consider sentences from other districts was not procedural error; 5) sufficient evidence supported the calculation of actual loss at sentencing; and 6) sufficient evidence supported the calculation of intended loss at sentencing. *Id.*

On October 28, 2016, Mr. Snow filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The United States responded and Mr. Snow has replied. The action is ripe for resolution.

*Discussion*

Mr. Snow raises a single claim. He asserts that he should be resentenced pursuant to Amendment 794 of the Sentencing Guidelines. Amendment 794 became effective November 1, 2015, almost three years after Mr. Snow was convicted. Amendment 794 amended the commentary and notes to U.S.S.G. § 3B1.2 regarding the mitigating role reduction.

Mr. Snow argues that he is entitled to having the Court sentence him "with the appropriate consideration of his minor role." Dkt. 2, p. 4. He contends that "[t]he Sentencing Court seems to struggle with the final result for Snow stating '...your sentence—I am sorry….'" *Id.* (quoting Crim. Case, Sentencing Transcript, dkt. 481, p. 187). Mr. Snow has read something into the Court's statement that was not there. The Court was explaining to Mr. Snow his right to appeal when she stated the following:

> Sir, you also have the right to appeal your conviction, and if you wish to take an appeal you have to file a notice of appeal and your sentence - - I am sorry, and if you wish to take an appeal you have to file a notice of appeal within 14 days of the entry of judgment in the case.

Crim. Case, dkt. 481, p. 187.

The Court did not "struggle" in finding Mr. Snow guilty or in imposing the appropriate sentence. In fact, the Court stated, "But the reason you were found guilty is because you are. It is not a mistake. It is not a distorted view of the evidence. You knew that these companies were failing, and you continued to create documents to incentivize people to invest in them when there was little hope that they would get their money back." *Id.*, p. 182.

The Court did recognize that Mr. Snow was not as culpable as his co-defendants and she applied a variance from the guideline sentence "to reflect the relative culpability of Mr. Snow." *Id.*, p. 182. The Court sentenced Mr. Snow to below the applicable guideline "based on the Defendant's role in the offense, his personal characteristics, and the need to avoid sentence disparities among the Defendants. Actually it reflects appropriate sentencing disparities among the Defendants would be how I would say it." *Id.*, p. 183.

All of this aside, the government argues and the Court agrees that Amendment 794 is not retroactive on collateral review. *See Ozuna v. United States*, No. 17-1544, 2017 WL 4083724, at *1 (7th Cir. Aug. 22, 2017) (affirming district court's dismissal of 794 Amendment claim brought in § 2255 case because "Section 2255 is not a basis for relief for guideline errors, and there was no reason for the district judge to construe the papers as a motion to reduce under § 3582(c) because Amendment 794 is not retroactive and did not reduce a guideline. It simply clarified when to apply a guideline that lowers a range."). The case upon which Mr. Snow relies, *United States v. Quintero-Leyva*, 823 F.3d 519, 521 n. 1 (9th Cir. 2016), held that Amendment 794 applies retroactively in direct appeals, but declined to determine whether "a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." Mr. Snow has not cited to any binding case law holding that Amendment 794 applies retroactively on collateral review, nor is the Court aware of any such authority. *See United States v. Orlando,* No. 17-cv-01991, 2017 WL 5903837 (N.D. Ill. Nov. 30, 2017) (in § 2255 case, holding that errors in the application of the Sentencing Guidelines are not directly reviewable under § 2255 and even if petitioner filed a motion under § 3582(c)(2), Amendment 794 is not

retroactive); *United States v. Wilson,* No. 2:10-cr-28, 2017 WL 3333993 (N.D. Ind. Aug. 4, 2017) ("Amendment 794 is not retroactive on collateral review."); *Reed v. United States,* No. 16-cv-479-WMC, 2017 WL 2602324 (W.D. Wis. June 15, 2017) ("Amendment 794 has not been held retroactive on collateral review."); *Lindsey v. United States*, No. 16-cv-878-JPG, 2017 WL 283384, at *1 (S.D. Ill. Jan. 23, 2017) ("Amendment 794 is not retroactive on collateral review"); *Gilliam v. United States*, No. 16-4165, 2016 WL 6833920, at *1–2 (C.D. Ill. Nov. 18, 2016) (same); *see also United States v. Decker*, 710 F. App'x 263, 264 (7th Cir. 2018) (Amendment 794 cannot be given retroactive effect under § 3582(c)(2)).

Mr. Snow is not entitled to relief on his Amendment 794 claim.

### *Denial of Hearing*

An evidentiary hearing is "not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). That is the case here. A hearing is not warranted under these circumstances.

### *Conclusion*

The foregoing shows that Mr. Snow is not entitled to relief pursuant to 28 U.S.C. § 2255. His motion for relief pursuant to § 2255 is therefore **DENIED.** Judgment consistent with this Entry shall now issue.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Snow has failed to show that reasonable jurists would find it "debatable whether the petition states a valid

claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:11-cr-0042-JMS-DML-3.**

IT IS SO ORDERED.

Date: 3/21/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov

RICK D. SNOW
09969-028
FPC YANKTON
FEDERAL PRISON CAMP
Inmate Mail/Parcels
P.O. BOX 700
Yankton, SC  57078